**WO**                                           JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Lynn Kreus, | No. CV-22-01273-PHX-MTL (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

Pro se Plaintiff Timothy Lynn Kreus, who is currently confined in the Arizona State Prison Complex-Eyman, brought this civil rights case pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion to Stop Continued Retaliation Over Destroyed Pillow by State Actors (Doc. 89). The Court will deny the Motion.

## I. Background

As relevant here, Plaintiff alleges that he told Defendant Correctional Officer II Pamela Pero, Plaintiff's supervisor for his prison job, that he was filing an informal grievance, and later the same day, Perro fired Plaintiff from his position as a wheelchair pusher. (Doc. 8 at 4.) Subsequently, Plaintiff was moved to a new facility, his personal items were disposed of, and his medically approved boots were denied. (*Id.* at 5.) Plaintiff claims that Defendant Captain Michael Perron told Plaintiff he would receive his medical boots but threatened that if Plaintiff continued to complain, or if his family did not stop calling the Central Office, he would be moved to another prison, and this time, all his property would be lost. (*Id.* at 7.) Defendant Perron also told Plaintiff that he would "use

all the power of ADCRR to 'investigate'" Plaintiff's family. (*Id.*) As a result of this threat, Plaintiff "ceased all complaints." (*Id.* at 8.)

On screening the Complaint under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a First Amendment retaliation claim in Count One against Defendants Perro and Perron and directed them to answer the claim. (Doc. 9.) The Court dismissed the remaining claims and Defendants. (*Id.*)

## II.     Injunctive Relief Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners" and must not "allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Under the Prison Litigation Reform Act, injunctive relief must be

narrowly drawn and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those with actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

The Court lacks jurisdiction over claims for injunctive relief that are not related to the claims pleaded in the operative complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint); *see also Prince v. Schriro, et al.*, CV-08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (unless a claim concerns access to the courts, the Plaintiff must show a nexus between the relief sought and the claims in the lawsuit.).

**III.  Motion for Injunctive Relief**

In his Motion, Plaintiff states that he saw an ear, nose and throat specialist for vertigo. (Doc. 89 at 2.) Plaintiff asserts that he cannot lay flat on his back due to the vertigo. (*Id.*) According to a June 13, 2023, Offsite Consultation Note that Plaintiff filed with his Motion, the specialist recommended that Plaintiff sleep with a wedge pillow to elevate his head. (*Id.* at 12.) Plaintiff states that "he had an extra [wedge pillow] that worked just fine along with a [special needs order] approving" the pillow, but "Defendants were so adamant about destroying it and taking it away that they involved themselves in

1  [his] medical issues yet again." (*Id.* at 2.) Plaintiff asserts "they" issued a regular small
2  pillow, rather than a wedge pillow. (*Id.*) Plaintiff asks the Court to order Arizona
3  Department of Corrections, Rehabilitation and Reentry staff to "stay out of [his] medical
4  affairs except where policy dictates or having others do so in their place," order the new
5  medical provider to order the recommended wedge pillow, and "not to retaliate for filing
6  this." (*Id.* at 3.)

**IV.   Discussion**

Plaintiff states in the Motion that "Defendants" involved themselves in his medical issues, presumably by issuing a small pillow, rather than the wedge pillow the specialist recommended, but he does not specify who issued the small pillow. Plaintiff has not shown that Defendants Perro and Perron were involved in the decision not to issue the wedge pillow, and the Court cannot enjoin retaliation by unidentified individuals, whom Plaintiff has not named as Defendants. Similarly, the Court cannot order non-Defendants to "stay out of" Plaintiff's medical care, and any in event, that relief is far too broad to satisfy the requirement that any relief be narrowly drawn and be the least intrusive means necessary to correct the harm. In addition, there are no medical care claims pending in this case, and the only remaining Defendants are not medical providers. Thus, Plaintiff's request that the Court order the medical provider to order a wedge pillow is beyond the scope of the claims in the Complaint, and the Court lacks jurisdiction to order Plaintiff's requested relief.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to Stop Continued Retaliation Over Destroyed Pillow by State Actors (Doc. 89).

(2) Plaintiff's Motion to Stop Continued Retaliation Over Destroyed Pillow by State Actors (Doc. 89) is **denied**.

Dated this 8th day of January, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge